UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT FORT CAMPBELL
CASE NO. 5:11-CR-23

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.

RONALD MORRIS                                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on appeal from the United States District Court Western District of Kentucky Fort Campbell Division. Ronald Morris appeals from the Judgment of Conviction and Sentence entered by the United States magistrate judge at Fort Campbell, Kentucky on July 26, 2011. Both parties have filed briefs with the Court (DN 17, DN 18). This matter is now ripe for adjudication.

## BACKGROUND

Defendant Ronald Morris was charged with Theft of Government Property under 18 U.S.C. § 641, Unlawful Possession of Marijuana under 18 U.S.C. § 844(a), and Resisting Arrest under 18 U.S.C. § 111. Morris pled guilty to these counts on April 6, 2011. A plea agreement was reached between Morris and the government. Pursuant to the plea agreement, Morris pled guilty to the above counts in exchange for dismissal of an Unlawful Entry charge and a recommendation of ninety-six (96) hours of imprisonment, $1,575 in fines, and probation. Ultimately, Morris was sentenced to 18 months imprisonment. Morris timely filed a notice of appeal.

## STANDARD

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which

the offense was committed." 18 U.S.C. § 3402. Under Federal Rule of Criminal Procedure 58(g)(2)(B), "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." Fed.R.Crim.P. 58(g)(2)(B). "The scope of the appeal is the same as an appeal to the court of appeals from a judgment entered by a district judge." Fed.R.Crim.P. 58(g)(2)(D). The district court may consider the original papers, exhibits, recording of the proceedings, and certified copies of docket entries. Fed.R.Crim.P. 58(g)(2)(C).

## ANALYSIS

Morris argues that his 18-month sentence was substantively unreasonable. Under the Sentencing Guidelines system, a court reviews a sentencing judge's sentence for substantive reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "The touchstone for our review is whether the length of the sentence is reasonable in light of the § 3553(a) factors." *United States v. Tate*, 516 F.3d 459, 469 (6th Cir. 2008). "A reviewing court will find that a sentence is substantively *unreasonable* 'where the [ ] court select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor.'" *Id*. (quoting *United States v. Ferguson*, 456 F.3d 660, 664 (6th Cir. 2006)) (alterations in original).

Furthermore, "[t]he court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness." *Gall*, 552 U.S. at 51. The Sixth Circuit has adopted the presumption of reasonableness standard: "[W]e accord a presumption of reasonableness to a sentence that lies within the advisory Guidelines range." *United States v. Thompson*, 515 F.3d 556, 561 (6th Cir.

2008).  Furthermore, a sentence that falls below the guidelines is entitled to a strong presumption of reasonableness.  *See United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008) ("[S]imple logic compels the conclusion that, if a sentence of 324 to 405 months would have been presumptively reasonable in length, defendant's task of persuading us that the more lenient sentence of 240 months in unreasonably long is even more demanding.").

Here, under the Sentencing Guidelines, Morris had a total offense level of 11 and a criminal history category of IV.  Therefore, his applicable sentencing guideline was 27 to 33 months.  Although the government recommended a sentence of 96 hours, Morris was sentenced to 18 months.  Because Morris's sentence fell below his applicable guidelines range, his sentence is afforded a strong presumption of reasonableness.  *See Curry*, 536 F.3d at 573.  Morris argues that the variance between the government's recommendation and his ultimate sentence shows that his sentence was unjust and substantively unreasonable.  Morris additionally argues that such a variance calls into question whether his plea was knowing and voluntary.  Finally, Morris argues that the Court failed to give appropriate weight to the § 3553(a) factors by over-emphasizing Morris's criminal history and diminishing other factors such as the collateral punishment associated with his distinct set of circumstances.

Concerning the terms of the plea agreement, the magistrate judge explained during sentencing that the attorneys did not have Morris's criminal history before them when the plea agreement was reached; however, Morris understood he was not bound by the plea agreement.[1]

---

[1] The plea agreement, signed by Morris, stated the following:

> The defendant acknowledges that he/she understands that the above is a sentencing recommendation made to the Court by the United States and that the Court is not bound to sentence the defendant in conformance with the recommendation.  Further, the defendant understands that if the Court elects not to follow the recommendation for any reason, the defendant will not be allowed to

DN 12 at 6-7.  Further, Morris's counsel acknowledged explaining to Morris that, according to the pre-sentencing investigative report, he was looking at a sentence of 27 to 33 months.  *Id*. at 4-5.  In determining Morris's sentence, the magistrate judge stated that he was willing to vary from the guidelines, but not to the extent of the government's recommendation.  *Id*. at 7.  The magistrate judge further noted that he did not believe that such a variance was supportable by the facts of this case.  *Id.*  Considering the § 3553(a) factors, the magistrate judge considered the sentencing guideline range, and noted that a variant sentence of 18 months imprisonment reflected the seriousness of the offense, afforded adequate deterrence to criminal conduct in the future, and was sufficient to protect the public from future crimes of the defendant and avoid unwarranted sentencing disparities among defendants.  *Id*. at 9.  The magistrate judge then concluded that the 18-month sentence was sufficient, but not greater than necessary to comply with the purposes set forth in § 3553(a)(2).  *Id*.

The Court concludes that Morris has not overcome the strong presumption of the reasonableness of his sentence.  As an initial matter, the magistrate court found that Morris pled guilty knowingly, willingly, and voluntarily before accepting his guilty plea. DN 7, Judgment and Commitment Order at 1.  By signing the plea agreement Morris acknowledged that he was not bound by the plea agreement and that the government's recommendation was not binding on the Court.  Whatever expectations Morris harbored does not defeat the strong presumption of reasonableness.  *See United States v. Elliot*, 327 Fed. Appx. 540 (6th Cir. 2009) (holding that a

---

> withdraw his/her plea(s) of guilty.  Further, the defendant acknowledges that the plea(s) of guilty is/are voluntary and that he/she or the United States may elect to withdraw from this plea agreement at any time prior to the entering of the defendant's plea(s) of guilty.

DN 17-1, Plea Agreement.

sentence of 202 months imprisonment was not substantively unreasonable even though the government recommended 70 – 87 months imprisonment).

Furthermore, there is nothing in the record to suggest that the magistrate judge selected Morris's 18-month sentence arbitrarily or considered impermissible factors in fashioning his sentence. In imposing a sentence nine months below the low-end of the applicable guidelines range, the magistrate judge considered the government's recommendation and explained that he did not feel that such a variance was warranted in this situation. The Court's review of the record shows that the magistrate judge considered the § 3553(a) factors in imposing Morris's sentence. While the magistrate judge remarked at length about Morris's criminal history, there is nothing in the record to suggest that the judge placed an unreasonable amount of weight on this factor, especially because the judge sentenced Morris below the applicable guidelines range. In light of Morris's numerous past convictions on drug and theft of property charges, it is quite reasonable for the magistrate judge to have found this factor to be important, especially as it relates to imposing a sentence adequate to deter future criminal conduct and protect the public from further crimes. Finally, the magistrate judge did not improperly diminish other factors such as the collateral punishment associated with Morris's distinct set of circumstances, namely that Morris would lose his job. The Sixth Circuit has explained that "we do not require [ ] courts to explicitly address every argument made by a defendant for a lower sentence." *United States v. O'Daniels*, 253 Fed. Appx. 563, 567 (6th Cir. 2007). Accordingly, Morris's sentence was not substantively unreasonable.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence entered by the United States Magistrate Judge at Fort Campbell, Kentucky is AFFIRMED and the appeal is DISMISSED.